# EXHIBIT A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Maria Matos</u>
Plaintiff                                                    Case # _____

                                                             Judge  _____

vs.

<u>Physicians Central Business Office LLC, Mark A. Cereceda</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>2</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jorge Freddy Perera</u>      Fla. Bar # <u>93625</u>
      Attorney or party           (Bar # if attorney)

<u>Jorge Freddy Perera  </u>      <u>09/22/2022</u>
  (type or print name)        Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

MARIA MATOS,
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiff(s),

vs.

PHYSICIANS CENTRAL BUSINESS OFFICE, LLC,
a Florida For-Profit Corporation, and
MARK A. CERECEDA, individually,

      Defendants.

_____/

## **COMPLAINT**

*Collective Action Pursuant to 29 U.S.C. §216(b)*

MARIA MATOS ("Plaintiff"), by and through the undersigned counsel and on behalf of all similarly-situated individuals, hereby sues PHYSICIANS CENTRAL BUSINESS OFFICE, LLC ("Physicians Central"), a Florida For-Profit Corporation, and MARK A. CERECEDA ("Cereceda"), individually (collectively "Defendants") and alleges as follows:

### **INTRODUCTION**

1.    This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.    Plaintiff seeks in excess of $30,000.00 in damages, exclusive of attorneys' fees and costs, as is within this Court's jurisdiction, reasonable

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

attorneys' fees, and costs pursuant to the FLSA, and all other remedies allowable by law.

## PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

4.     Physicians Central is, and was, a Florida For-Profit Corporation conducting business in Miami-Dade County.

5.     Cereceda is, and was, a corporate officer for/operator of Physicians Central during the relevant time period. Further, Cereceda controlled the business and Physicians Central's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

6.     Physicians Central and Cereceda are employers, joint employer, or co-employer for purposes of the FLSA as the term is defined by 29 U.S.C. § 203.

7.     Venue is proper in this Court because Defendants transact business in this Circuit, Defendants maintain a principal place of business in this Circuit, Defendants employed Plaintiff in this Circuit, and the claims arose within the Circuit.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## GENERAL ALLEGATIONS

### A. Defendants' Business and Interstate Commerce

8.     The primary purpose of Physicians Central is to provide health services to its patients/clients in the specialized field of occupational medicine.

9.     Physicians Central operates four to five locations across Miami-Dade County, Florida.

10.    Under information and belief, Plaintiff alleges that Physicians Central's gross annual revenue exceeded $500,000.00 during 2019, 2020, 2021 and is expected to exceed $500,000.00 during 2022.

11.    Physicians Central customarily and regularly sold goods and services across state lines.

12.    At all relevant times, Physicians Central employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

13.    Upon information and belief, Physicians Central obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida,

---

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

and otherwise regularly engaged in interstate commerce during the relevant period.

14.    Physicians Central, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

15.    Physicians Central is an employer engaged in interstate commerce and subject to the FLSA.

**B. <u>Defendants' Employment and Failure to Properly Pay Plaintiff</u>**

16.    Plaintiff's employment with Defendants began during 2019.

17.    During her employment, Plaintiff worked as a non-exempt "New Patient Coordinator" earning an annual salary of $45,000.00.

18.    Plaintiff was required to answer calls from new patients seeking services from all of Defendants' locations.

19.    Throughout the relevant time period, Plaintiff regularly worked overtime hours where her work hours reached, at least, sixty (60) hours (some weeks it was decidedly more) per week without proper overtime wages as required by the FLSA.

20.    Defendants have knowledge of Plaintiff's work hours as she was required to clock in and out each day.

21.    Further, Defendants regularly required Plaintiff to work off the clock.

22.    During the relevant time period Plaintiff was required to answer new patient calls after work hours. This off-the-clock, on-call time was not captured

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

by Defendants' timekeeping system but was nonetheless strictly required as part of Plaintiff's regular job duties. Such off-the-clock, on-call work would occur throughout the week, including weekends.

23.  Defendants intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

24.  Indeed, Defendants had complete knowledge of Plaintiff's overtime hours where the timekeeping system and on-call requirements revealed the same. Despite this knowledge, Defendants willfully and purposefully did not tender Plaintiff her full and proper overtime wages he was owed under the FLSA.

25.  Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 and, as such, jointly and severally owe Plaintiff unpaid overtime wages.

### C. Cereceda's Employment of, and Failure to Properly Pay, Plaintiff

26.  During the relevant period, Cereceda was Plaintiff's manager/supervisor as well as the general operator of the business.

27.  During Plaintiff's employment, Cereceda acted as Plaintiff's supervisor/manager, provided Plaintiff with her work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff and other employees, and was responsible for recording, calculating, and paying Plaintiff's work hours.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

28.     Cereceda, at all material times, was on notice of Plaintiff's work hours and off-the-clock, on-call work but purposefully did not investigate nor remedy the due and owing overtime wages.

29.     Cereceda intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

30.     Cereceda is partially or totally responsible for paying Plaintiff's due and owing overtime wages.

31.     Cereceda must be considered Plaintiff's employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**D. <u>Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.</u>**

32.     During the relevant time period, Defendants employ other individuals performing services similar to Plaintiff.

33.     These similarly-situated individuals were also required to work off-the-clock, on-call duties in answering/responding to new patient calls throughout the night and weekend.

34.     Through this misclassification, these other individuals were paid in a same or similar fashion (salary without any overtime pay) as Plaintiff that violates the FLSA.

35.     Defendants employ other individuals that customarily and regularly performed overtime work for which they were not compensated either fully and/or at the correct rate.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

36.     The potential class of aggrieved individuals working for Defendants and subject to this misclassification have worked over forty (40) hours a week during the last three (3) years without being paid at a proper time-and-a-half their regular rate of pay for all overtime hours worked.

### COUNT I
### OVERTIME VIOLATION BY PHYSICIANS CENTRAL
### UNDER THE FAIR LABOR STANDARDS ACT

37.     Plaintiff, on behalf of herself and all others similarly situated, re-allege and incorporate by reference the allegations in paragraphs 1 through 36 above as if fully set forth herein.

38.     As part of its business, Physicians Central purchased goods and materials that traveled through interstate commerce.

39.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

40.     Upon information and belief, Physicians Central obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

41.     Physicians Central, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant time period.

7 | P a g e

42.     During her employment with Physicians Central, Plaintiff worked overtime hours for which she was not compensated at a proper overtime rate as required by the FLSA.

43.     Physicians Central did not compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked.

44.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

45.     In addition, Physicians Central is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.  Enter judgment for Plaintiff and all others similarly situated against Physicians Central under the FLSA;

b.  Award Plaintiff and all others similarly situated actual damages for the unpaid overtime wages;

c.  Award Plaintiff and all others similarly situated liquidated damages;

d.  Award Plaintiff and all others similarly situated attorneys' fees and costs;

e.  Award Plaintiff and all others similarly situated all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## COUNT II
## OVERTIME VIOLATIONS AGAINST MARK CERECEDA UNDER
## THE FAIR LABOR STANDARDS ACT

46.     Plaintiff, on behalf of herself and all others similarly situated, re-allege and incorporate by reference the allegations in paragraphs 1 through 37 above as if fully set forth herein.

47.     Cereceda operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

48.     Cereceda scrutinized Plaintiff's work and controlled how Plaintiff did her job.

49.     During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

50.     Cereceda was fully aware that Plaintiff consistently worked for Defendants over 40 hours per week.

51.     Despite notice and knowledge, Cereceda failed to investigate or otherwise remedy the due and owing overtime wages earned by Plaintiff.

52.     During her employment with Physicians Central, Plaintiff worked overtime hours for which she was not compensated at a proper overtime rate as required by the FLSA.

53.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

54.     Cereceda did not compensate Plaintiff for her overtime despite her knowledge of the overtime hours Plaintiff worked.

55.     Cereceda is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Enter judgment for Plaintiff and all others similarly situated against Cereceda under the FLSA;

b.   Award Plaintiff and all others similarly situated for actual damages for the unpaid overtime wages;

c.   Award Plaintiff and all others similarly situated liquidated damages;

d.   Award Plaintiff and all others similarly situated attorneys' fees and costs;

e.   Award Plaintiff and all others similarly situated all recoverable interest; and

f.   Award any other relief this Honorable Court deems just and proper.

## <u>JURY TRIAL</u>

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Dated:  September 22, 2022

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com

**PERERA ALEMÁN, P.A.**
12505 Orange Drive, Suite 908
Davie, Florida 33330
Telephone: 786-485-5232

*Counsel for Plaintiff*

**PERERA ALEMÁN**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2022-018329-CA-01</u>
SECTION: <u>CA21</u>
JUDGE: <u>David C. Miller</u>

**Maria Matos**

Plaintiff(s)

vs.

**Physicians Central Business Office LLC et al**

Defendant(s)

_____/

<u>**ORDER TO COMPLETE AND COMPLY WITH CASE SCHEDULING AND
MANAGEMENT ORDER**</u>

  **THIS CAUSE** came before the Court to review and do case management.  Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., **the Parties**, **with the Court's assistance, if necessary**, will establish a **Completed Case Scheduling/Management Order**. Therefore, it is;

  **ORDERED and ADJUDGED** as follows:

1. The Parties shall determine and complete the CASE SCHEDULE below, to extent they can agree on one or all of the To-Dos in this matter and set the Deadlines for as many as can be agreed on.  If there is/are any Deadlines for the Parties To-Dos that cannot be agreed on, the Plaintiff's Counsel shall set a hearing if necessary for the Court to decide the Deadlines.

2. ***The Plaintiff's Counsel shall file the entire completed Scheduling/Management Order as a <u>Completed Case Scheduling/Management Order</u> through Court Map for execution and rendering by the Court within 60 days of the entry of the Order or the appearance of the first Defendant whichever occurs last.***  The **Plaintiff's Counsel** will bear the burden of ensuring this Order is complied with and the entire scheduling/management order with completed table of to dos and deadlines is filed, <u>but that will not</u> determine who may be ultimately responsible for any lack of compliance with this Order.

3. The Parties shall strictly comply with the deadlines in the Schedule (which shall supersede any contrary or different Trial Order Deadline – **not as to the trial date or date of the calendar call which are determined by the Trial Order**) and should expect that the case will be tried during the anticipated trial period specified, without continuances.  The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this Order.  If your case does not go to Trial, it will most probably be sent to Non-Binding

Arbitration.

4. **Procedural Requirements**:  In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties will be required to strictly comply with **the Completed Case Scheduling/Management Order**.

5. The parties may not agree to extend any of the deadlines contained in the **Completed Case Scheduling/Management Order**.   Deadlines may only be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

6. **The following To-Dos and Deadlines are to be determined by Agreement of the Parties, filled in, and returned to the Court for execution and rendering OR the Court will determine and fill in such To-Dos and Deadlines:**

| CASE SCHEDULE | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |

CASE MANAGEMENT PROCEDURES

7. **Duty to Communicate**:  Prior to filing any Motion, counsel shall **confer** with each other directly in good faith, ***not through staff***, to attempt to narrow or resolve issues.  "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

8. **Scheduling of Hearings**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  The Court may rule upon the Motions on the papers filed for the Court's review.

9. **Compelling Discovery where there has been no response**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These Motions shall be submitted via CourtMAP with supporting documents and shall <u>not</u> be placed on Motion Calendar.

10. **Motions for Protective Order**:  Motions for Protective Order must be filed as soon as the grounds are known.   Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to **confer** regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court</u>.

11. **Motions for Extension**:  All Motions for Extension of Time SHALL BE SET TO BE HEARD WITHIN 7 DAYS OF THE MOTION BEING FILED and the Motion must state **with specificity** the reason why Extension is needed, the anticipated deadline for completion, and any extraordinary or compelling reasons to grant relief. The Court may rule upon submission of the Motion without a hearing. All Motions for Extension of Time must be preceded by a **meet and confer** with opposing **counsel** and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly if the Motion is Denied. **The failure to timely set the Motion for Extension to be heard will be deemed a waiver of any attempt to get an Extension**.

12. **Dispositive Motions**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.  <u>Parties should **confer** to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date</u>.  <u>Last minute cancellations are NOT ALLOWED</u>.

13. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

14. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections **may not be extended even if the parties agree** and are due at the time the initial response is due. **Failure to timely file these objections shall be deemed an express waiver of the objection**. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

15. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

16. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P, AND **The item must at least be described by Author, primarily Recipient and all those copied, date, nature of document, and the same information as to all attachments printed out or opened in records for view**.

17. **The failure to timely provide the privilege log will result in the waiver of the privilege**. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product <u>except</u> the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action and solely kept between them and staff, experts, etc.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. ***In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client,** to assure that all are aware of the request and the consequences.

18. **Expert Disclosure**:  Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

19. **Depositions**:  The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule.  Depositions may commence at any time. Refer to the above regarding motions for protective order.

20. **Witness and Exhibit Lists**:  The parties shall timely exchange their witness and exhibit lists.  The lists shall include complete proper names and addresses.  If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

21. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.   If the parties fail to mediate before the mediation deadline, sanctions will be imposed by the Court.  Failure to Mediate will not constitute just cause for a Trial Continuance.

22. **"Frustrated Lawyer/Pro-Se Rule"**

    **Please see the 11th Judicial Circuit in and for Miami-Dade County Division 21 website – for assistance scheduling anything the other(s) in the file are making difficult.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 11th day of October, 2022.


2022-018329-CA-01 10-11-2022 7:59 PM
Hon. David C. Miller

**CIRCUIT COURT JUDGE**
Electronically Signed

<div style="border:1px solid red">

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

</div>

**Electronically Served:**
Jorge Freddy Perera, freddy@pba-law.com

Jorge Freddy Perera, admin@pba-law.com
Jorge Freddy Perera, admin3@pba-law.com

**Physically Served:**

Filing # 159108272 E-Filed 10/12/2022 04:14:13 PM

# RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2022-018329-CA-01

Plaintiff:
**MARIA MATOS**

vs.

Defendant:
**PHYSICIANS CENTRAL BUSINESS OFFICE, LLC., ET AL**

OJF2022022190

For:
BRODY M. SHULMAN
PERERA ALEMAN PLLC
12401 ORANGE DR
SUITE 123
DAVIE, FL 33330

Received by OJF SERVICES, INC. on the 10th day of October, 2022 at 1:23 pm to be served on **PHYSICIANS CENTRAL BUSINESS OFFICE, LLC., 815 NW 57 AVE., STE. 405, MIAMI, FL 33126.**

I, GREG SCHULTE, do hereby affirm that on the **11th day of October, 2022** at **11:20 am, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **SHIRLEY VIERA** EMPLOYEE OF MARK A. CERECEDA, **registered agent** for **PHYSICIANS CENTRAL BUSINESS OFFICE, LLC.,** at the address of: **815 NW 57 AVE., STE. 405, MIAMI, FL 33126**, and informed said person of the contents therein, in compliance with either federal or state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525. ELECTRONIC SIGNATURES ARE NOW PERMITTED PURSUANT TO FLORIDA STATUTE 48.21. NOTARY ARE NOT REQUIRED PURSUANT TO F.S. 92.525(2).

**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2022022190

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

Filing # 158540996 E-Filed 10/04/2022 11:26:14 AM

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CASE NO.: 2022-018329-CA-01

**MARIA MATOS,**
and all others similarly situated under
29 U.S.C. §216(b),

      Plaintiff(s),

vs.

**PHYSICIANS CENTRAL BUSINESS OFFICE, LLC,**
a Florida For-Profit Corporation, and
**MARK A. CERECEDA**, individually,

      Defendants.

_____/

DATE: 10-11   TIME: 11:20A

ID #: 245

Shivley Viera employee

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of Complaint to Defendant:

**PHYSICIANS CENTRAL BUSINESS OFFICE, LLC**
THROUGH ITS REGISTERED AGENT:
Mark A. Cereceda
815 NW 57th Avenue, Suite 405
Miami, FL 33126

      Defendant is required to serve written defenses to the Complaint on Plaintiffs' counsel, whose name and address is: **J. Freddy Perera, Esq.** and **Brody M. Shulman, Esq.,** Perera Aleman, P.A. 12505 Orange Drive, Suite 908 Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON _____10/7/2022_____, 2021.

SHARON R. BOCK

By: _____

As Deputy Clerk

## SUMMONS:

## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court.  A phone call will not protect you.  Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiffs/Plaintiffs Attorney" named below.

### IMPORTANTE

    Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o priva de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

    Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiffs/Plaintiffs''s Attorney." (Demandante o Abogado de Demandante).

## **IMPORTANT**

Des poursuites judiciaries ont ele entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiffs/Plaintiffs''s Attorney" (Plaignant ou a son avocate) nomme ci-dessous.


Filed By:      J. Freddy Perera, Esq.
               Fla. Bar No.: 93625
               Brody M. Shulman, Esq.
               Fla. Bar No.: 92044

Address:       Perera Aleman, P.A.
               12505 Orange Drive
               Suite 908
               Davie, FL 33330
               (786) 485-5232

# RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2022-018329-CA-01

Plaintiff:
**MARIA MATOS**

vs.

Defendant:
**PHYSICIANS CENTRAL BUSINESS OFFICE, LLC., ET AL**

For:
BRODY M. SHULMAN
PERERA ALEMAN PLLC
12401 ORANGE DR
SUITE 123
DAVIE, FL 33330

OJF2022022191

Received by OJF SERVICES, INC. on the 10th day of October, 2022 at 1:23 pm to be served on **MARK A. CERECEDA, 815 NW 57 AVE., STE. 405, MIAMI, FL 33126**.

I, GREG SCHULTE, do hereby affirm that on the **11th day of October, 2022** at **11:20 am, I:**

**AUTHORIZED:**  served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **SHIRLEY VIERA** as **AUTHORIZED AGENT**, who stated they are authorized to accept service for: **MARK A. CERECEDA** at the address of: **815 NW 57 AVE., STE. 405, MIAMI, FL 33126**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
THE ATTORNEY GAVE THE RECIPIENT AUTHORIZATION TO ACCEPT SERVICE

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525. ELECTRONIC SIGNATURES ARE NOW PERMITTED PURSUANT TO FLORIDA STATUTE 48.21. NOTARY ARE NOT REQUIRED PURSUANT TO F.S. 92.525(2).

**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2022022191

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

Filing # 158540996 E-Filed 10/04/2022 11:26:14 AM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CASE NO.: 2022-018329-CA-01

**MARIA MATOS,**
and all others similarly situated under
29 U.S.C. §216(b),

DATE: 10-11    TIME: 1120A

      Plaintiff(s),

INITIALS: C    ID #: 215

vs.

**PHYSICIANS CENTRAL BUSINESS OFFICE, LLC,**
a Florida For-Profit Corporation, and
**MARK A. CERECEDA**, individually,

      Defendants.

_____/

*Shirley*
*Vieva*
*Auth*

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of Complaint
to Defendant:

*ok per Atty*
*To*
*accept*

Mark A. Cereceda
815 NW 57th Avenue, Suite 405
Miami, FL 33126

      Defendant is required to serve written defenses to the Complaint on Plaintiffs' counsel,
whose name and address is: **J. Freddy Perera, Esq.** and **Brody M. Shulman, Esq.,** Perera
Aleman, P.A. 12505 Orange Drive, Suite 908, Davie, FL 33330 within 20 calendar days after
service of this summons on that Defendant, exclusive of the day of service, and to file the original
of the defenses with the Clerk of the Court either before service on Plaintiffs' attorney or
immediately thereafter. If a Defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the complaint or petition.

DATED ON _____10/7/2022_____, 2021.

SHARON R. BOCK

By: _____

As Deputy Clerk

## SUMMONS:

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiffs/Plaintiffs Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o priva de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda pro su cuenta, al mismoi tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiffs/Plaintiffs''s Attorney." (Demandante o Abogado de Demandante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger;

vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiffs/Plaintiffs''s Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Filed By:      J. Freddy Perera, Esq.
               Fla. Bar No.: 93625
               Brody M. Shulman, Esq.
               Fla. Bar No.: 92044

Address:       Perera Aleman, P.A.
               12505 Orange Drive
               Suite 908
               Davie, FL 33330
               (786) 485-5232